IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| PATRICK GUENTANGUE, <br><br> Petitioner, <br><br> v. <br><br> PATRICK GARTLAND, <br><br> Respondent. | CIVIL ACTION NO.: 5:20-cv-8 |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court upon Petitioner Patrick Guentangue's ("Guentangue") 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus and Respondent's Motion to Dismiss. Docs. 1, 12. For the following reasons, I **RECOMMEND** the Court **DENY as moot** Guentangue's Petition, **DENY as moot** Respondent's Motion to Dismiss, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Guentangue leave to appeal *in forma pauperis*.[1] I **DENY as moot** Guentangue's Motions for Discovery and to Expedite. Docs. 14, 19, 22.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Guentangue his suit is due to be dismissed. As indicated below, Guentangue will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and

## BACKGROUND

On January 17, 2020, Guentangue filed his 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, alleging he is a citizen of Cameroon and has had a final order of removal since September 2006, yet Immigration and Customs Enforcement ("ICE") had been unable to secure travel documents to remove him from the United States. Doc. 1. After he paid the requisite filing fee, this Court directed service of Guentangue's Petition. Doc. 3. Respondent then filed a Motion to Dismiss and stated the Court should dismiss Guentangue's Petition because he could not establish ICE's detention was unlawful. Doc. 12. Guentangue filed a Response to the Motion to Dismiss, doc. 16, as well as two Motions for Discovery and a Motion to Expedite, docs. 14, 19, 22.

The Court directed Respondent to respond to Guentangue's Motion to Expedite. Doc. 23. Respondent indicated Guentangue was scheduled for a removal charter flight to Cameroon within 30 days of his response to this Court's Order, and Guentangue's travel documents were renewed through December 7, 2020. Doc. 24. Because this response alerted the Court to the possibility Guentangue had been removed to Cameroon, the Court noted it was unable to obtain information regarding Guentangue's status with ICE and directed the parties to update the Court within 14 days of the December 14, 2020 Order of Guentangue's status. Doc. 25. Respondent notified the Court Guentangue was removed from the United States on October 13, 2020. Doc. 26 at 1.[2]

---

recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

[2]   Guentangue failed to notify the Court of his removal or any change in his address in writing, as required. Doc. 3 at 2. This provides an independent reason to recommend the dismissal of Guentangue's Petition for failure to follow a Court Order. Id.

2

**DISCUSSION**

In his Petition, Guentangue sought his immediate release from ICE custody and challenged his continued detention.  Doc. 1 at 11.  As Guentangue has now been removed from the United States and, thus, ICE's detention, it appears his Petition has been rendered moot.

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'"  Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014).  This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations."  Id.  There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement."  Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted).  Regarding the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"  Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted).  Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted).  Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed.  Rather, the Supreme Court has made clear the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'"  Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).  "Events which occur subsequent to the filing of a petition may render the matter moot."

3

Johnson v. Glover, No. 1:04-CV-413, 2006 WL 1008986, at *1 (M.D. Ala. Apr. 18, 2006) (citing Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 350 (D.C. Cir. 1997)).

Here, as noted above, Guentangue has been released from the custody of ICE and has been removed from the United States.  Doc. 26.  Guentangue has been granted his requested relief.  There is no longer a "live controversy" over which the Court can give meaningful relief.  Friends of Everglades, 570 F.3d at 1216.  Accordingly, the Court should **DENY as moot** Guentangue's Petition for Writ of Habeas Corpus and **DENY as moot** Respondent's Motion to Dismiss.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Guentangue leave to appeal *in forma pauperis*.  Though Guentangue has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit

either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Guentangue's failure to follow this Court's Order, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Guentangue *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY as moot** Guentangue's Petition, **DENY as moot** Respondent's Motion to Dismiss, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Guentangue leave to appeal *in forma pauperis*. I **DENY as moot** Guentangue's Motions for Discovery and to Expedite. Docs. 14, 19, 22.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the

specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 28th day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA